WINSLOW P. BURHANS v. ELIZA MITCHELL, SPENCER L. SHAW AND STEPHEN M. CRAWFORD.

*Priority of lien as between assignees under a mortgage.*

Where the assignee of certain notes secured by mortgage is induced to postpone foreclosure by representations made by an assignee of other notes maturing earlier and also secured by the mort-

gage, he does not become entitled to any advantages over the latter, if at all, if he has not been damaged by relying on his statements.

Appeal from Ionia. Submitted October 29, 1879. Decided January 13, 1880.

FORECLOSURE. The bill sets forth that the mortgage was given to one Baker by the defendant Mitchell to secure four notes payable at intervals; that Baker assigned the last two payments and part of the second to Mary L. Kelley, who assigned the same amount to the complainant; that Baker assigned the remainder of the second payment to defendant Shaw, who assigned it to defendant Crawford and turned over to him the note therefor and the mortgage; that complainant has been informed that the first two notes have been paid, and that the defendant Crawford refuses to give up to him the note and mortgage, but pretends to have some claim on them. The bill makes Shaw and Crawford parties defendant, although complainant avers that he cannot ascertain what interest they have or claim to have. Shaw and Crawford answer separately, the former disclaiming any interest whatever in the mortgage. Crawford sets forth that he had paid complainant, at defendant Mitchell's request, $250 to apply on his claim under the mortgage, and that at the same time he had paid Shaw a certain sum in consideration of which Shaw had assigned to him all of his interest in the note; that the assignment had been made on the back of the mortgage, and that complainant had also indorsed on the note the following words: "Received the payment of five hundred dollars due Jan'y 10, '77, and interest on the nine hundred dollars to Jan'y 14, '77. Spencer L. Shaw, W. P. Burhans;" that complainant had signed this receipt and also caused Shaw to sign it, Crawford supposing that complainant was only indorsing the amount which Crawford had paid to him on his interest; that complainant had then demanded possession of the note and

mortgage, but that Crawford had refused to give them to him, stating that Shaw's interest had not been paid, but only assigned to him. Complainant's theory seems to have been that the payment made by Crawford was in satisfaction of the second note, and not as consideration for an assignment of the note and mortgage. It was claimed on behalf of complainant that he had delayed foreclosing on the repeated assurances of the mortgager, or persons in her interest, that arrangements had been made with Crawford for taking up the entire indebtedness, and he introduced in evidence the following correspondence: *Shaw to Burhans*—"Saranac, January 23, 1877. I saw Mr. Mitchell yesterday for the first time since his return home. He says he has made arrangements to have that matter all paid within a few weeks, and that he will go to Ionia this week. and see you." *Crawford to Burhans*—"Saranac, Mich., January 27. Dear Sir—Having about made arrangements with Mr. Mitchell to take up the indebtedness on his property here some time between the middle of April and 1st of May, and concluding that that would be satisfactory to you, he wished me to write to you to that effect. Yours, &c." *Shaw to Burhans*—"Saranac, January 29, 1877. Mr. Burhans, Dear Sir—I saw Mr. Crawford on Saturday, and he assured me that he had made arrangements to take up that matter as he stated to you, and that he would write you as he did." *Mitchell to Burhans*—"Saranac, January 29. Dear Sir—I do not as yet see how I can do any better than April 1st, as I told you; but at that time will take up the whole mortgage if you can possibly bear with me until then." *Shaw to Burhans*—"Saranac, April 18, 1877. I saw Mr. Crawford yesterday; he says about the first of May he will be able to meet that matter of ours. Yours." *Shaw to Burhans*—"Saranac, May 21, 1877. Mr. Burhans—I have seen Mr. Mitchell and also Mr. Crawford; they both assure me the matter should be attended to this week." The court below held the indorsment on the note of so much as was claimed to have

been assigned to Crawford by Shaw, to be, as to complainant, a payment *pro tanto*, and decreed that Crawford should hold no interest in the note or mortgage that should be equal or superior to that of complainant, and ordered a sale. Defendants appeal.

*Mitchel & Pratt* for complainants.

*F. D. M. Davis* and *A. B. Morse* for defendants. The assignee of an instalment due on a mortgage does not lose any rights possessed by the assignor as to priority of lien, *English v. Carney*, 25 Mich., 179; *Cooper v. Ulmann*, Walk. Ch., 251; *McCurdy v. Clark*, 27 Mich., 445; Comp. L., § 6913; even though no formal assignment is made, he is entitled to be subrogated to the rights of the assignor without consulting any one having a later claim, Jones on Mortgages, §§ 776, 878, 970; *White v. Hampton*, 13 Ia., 259; *Bruce v. Bonney*, 12 Gray, 107; *Barnes v. Mott*, 64 N. Y., 397.

MARSTON, C. J. This case as submitted might be said to raise a question of fact only. In our opinion the weight of evidence shows that a payment in the strict sense, and satisfaction of the indebtedness to that extent, was not intended as between Crawford and Shaw, but rather that the latter was, on receipt of the amount of his claim from Crawford, to assign to him. The probabilities point in the same direction. Why Crawford should pay Shaw, when he was under no obligation to do so, and had no possible interest in the matter, without receiving some sort of security from, or promise of re-payment by the mortgagor, it is difficult to perceive. We can place but very little reliance upon the correspondence in this case. The language used would not certainly preclude Shaw from making or Crawford from taking an assignment. The receipt indorsed upon the note would suggest the payment of a joint indebtedness to Shaw and Burhans, yet clearly such was not the fact. The receipt does not upon its face give a correct state-

ment of what took place, and in so far as it attempts to, is incorrect and misleading. The complainant claims that he understood and believed from what was said and done that there was not to be an assignment made to Crawford; that the payment made to Shaw was a discharge of the mortgage indebtedness to that amount; that in reliance thereon he delayed taking steps to foreclose for the amount due him, and that his security because of such delay has been impaired, and he asks therefore that his claim be given priority over that of Crawford if an assignment is found to have been made by Shaw to Crawford.

Admitting that complainant was by Crawford induced to and did believe that there should be no assignment, but an absolute payment in satisfaction of Shaw's claim, and that in reliance thereon he delayed foreclosure proceedings, yet we are not very clearly informed how long he delayed, or how much the mortgaged property depreciated during such delay. Would the delay of a few days and a depreciation of a few dollars during that time entitle the complainant to the relief sought by him? This to say the least may be very questionable, yet we are given no sufficient facts upon which we can estimate the damage occasioned by the delay. The complainant is not entitled to be placed in the same position he would have been in had what he was led to believe to be true been so in fact, unless in relying thereon he was damaged to that extent.

Upon the showing made in this case, we are of opinion the complainant is not entitled to have his claim take precedence over that of Crawford, and the decree must be modified accordingly, with costs of this court to defendant Crawford.

The other Justices concurred.